CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

SEP 27 2007

JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| DOUGLAS K. EDWARDS, | ) | CASE NO. 3:07CV00002 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE[1], Commissioner | ) | By: B. Waugh Crigler |
| of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's July 6, 2004 claim for a period of disability and disability insurance benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the court will RECOMMEND that an Order enter GRANTING plaintiff's motion for summary judgment, REVERSING the Commissioner's final decision, and REMANDING the case to the Commissioner for further proceedings.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff had not engaged in substantial

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for JoAnne B. Barnhart as the defendant.

gainful activity since his alleged disability onset date, June 29, 2004, and that he was insured for benefits through 2009. (R. 14-15.) The Law Judge further found that plaintiff's above the elbow amputation of the left arm in 1968, cervical degenerative disc disease, and depression were a severe combination of impairments, yet viewed individually or in combination, were not severe enough meet or equal a listed impairment.[2] (R. 17.) The Law Judge was of the view that although plaintiff's above the elbow amputation of the left arm and the degenerative changes in his cervical spine could reasonably be expected to cause some pain and limitations, they could not be expected to cause symptoms or limitations of the intensity, persistence, and with the limiting effects he alleged. (R. 21.) The Law Judge determined that plaintiff maintained the residual functional capacity (RFC) to perform light and sedentary work which does not require the use of the left upper extremity or climbing ladders, ropes or scaffolds. (R. 20.) The Law Judge further determined that this RFC did not preclude him from performing his past relevant work as a truck driver, as he actually performed it.[3] (R. 22-24.) Having found that he could perform his past relevant work, the Law Judge ultimately found that plaintiff was not disabled under the Act. (R. 24.)

After issuance of the Law Judge's adverse decision, plaintiff filed a timely request for review by the Appeals Council and submitted additional evidence. (R. 10, 238-245.) The Appeals Council denied the request for review. (R. 6-9.) The additional evidence was reviewed,

---

[2] The Law Judge determined that plaintiff did not have a severe mental impairment. (R. 15.)

[3] The vocational expert testified that plaintiff's work as a truck driver generally requires medium exertion. (R. 22, 275.) However, he opined that as plaintiff performed the job it was sedentary work. (R. 22, 274.)

2

and it was determined that the evidence did not provide a basis for changing the Law Judge's decision. (R. 6-7.) Thus, the Law Judge's decision was adopted as the final decision of the Commissioner.

In a brief filed in support of his motion for summary judgment, plaintiff argues that the Appeals Council did not properly consider the evidence he submitted with his request for review of the Law Judge's decision. (Plaintiff's Brief, p. 9.) The Regulations provide that the Appeals Council will review a case if the evidence is new, material, and relates to the period on or before the date of the Law Judge's decision. 20 C.F.R. § 404.970; *Davis v. Barnhart*, 392 F.Supp.2d 747, 750 (W.D. Va. 2005). Evidence is deemed "new" if it is neither duplicative nor cumulative, and it is "material" if a reasonable probability exists that the evidence would have changed the outcome of the case. *Wilkins v. Secretary, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991); *Davis*, 392 F.Supp.2d at 750.

Morton P. Chiles, III, M.D., is plaintiff's long-term[4], treating physician. On May 13, 2004, Dr. Chiles performed an evaluation of plaintiff for the Virginia Department of Motor Vehicles, and his only diagnosis was left arm amputation, a limitation he believed required access to a "turning knob." (R. 139.) Dr. Chiles concluded that plaintiff did not need to be evaluated by a certified driver rehabilitation specialist, and that he was medically capable of safely operating a motor vehicle as modified. (R. 139.) He evaluated plaintiff's fitness to drive a commercial vehicle on June 7, 2004. (R. 136-138.) In his evaluation, Dr. Chiles noted that plaintiff's left arm was amputated in an accident in 1968, but he addressed no other impairments

---

[4]On May 13, 2004, Dr. Chiles noted that plaintiff had been his patient for over ten years. (R. 139.)

3

or limitations. (R. 136.) On November 9, 2005, Dr. Chiles completed a Physical Capacities Evaluation covering June 29, 2004 through the date of the exam. (R. 208.) He determined that plaintiff could stand/walk two hours in an eight-hour workday and sit five to six hours in an eight-hour workday. (*Id.*) Dr. Chiles opined that plaintiff's level of pain was severe, he could not sit in a regular chair, and he is only "comfortable" when sitting in a recliner. (*Id.*) Dr. Chiles found that plaintiff could occasionally lift up to ten pounds, stoop(bend at the waist), and climb(stairs and ladders). (*Id.*) Dr. Chiles also found that plaintiff could reach above shoulder level, but he cannot sustain this position, and he could not work with his arms extended at the waist or shoulder level. (*Id.*) Finally, the physician opined that plaintiff was precluded from squatting(bending at the knees), crawling, or using his hands for repetitive simple grasping, pushing and pulling. (*Id.*)

The additional evidence plaintiff provided to the Appeals Council also included an office note from Dr. Chiles dated October 11, 2006. (R. 240.) The note reveals that plaintiff presented to his office on that date seeking a medical status evaluation and clarification of Dr. Chiles' prior opinion regarding his ability to return to truck driving. (*Id.*) Dr. Chiles offered that he did not intend his prior office note to be interpreted as suggesting that plaintiff had the ability to return to truck driving. (*Id.*) The objective medical findings from that evaluation show that plaintiff's grip, at best, was 4/5; biceps pull was 3.5/5; triceps pull was 4/5; and he had very poor inner osseous muscle tone. (*Id.*) The physician discussed with plaintiff the likely need for surgery and noted that he was to proceed with being seen at the pain clinic. (*Id.*) Based on the then current objective medical data, and the fact plaintiff's left arm was amputated, Dr. Chiles opined that it was not a "safe risk" for him to resume his job as a truck driver. (*Id.*)

4

Dr. Chiles' October 11, 2006 evaluation is "new" evidence. His express opinion that plaintiff's amputation, together with the objective medical findings, render him unable to return to his past relevant work is neither duplicative nor cumulative of the other evidence in the record. The evaluation is also "material" because Dr. Chiles is plaintiff's long-standing, treating physician, and his view that plaintiff is unable to return to his past relevant work likely could have influenced the Law Judge's decision if it had been before him in the first instance. In addition, Dr. Chiles' evaluation relates back to the period prior to the Law Judge's August 24, 2006 decision, as his October 11, 2006 notes clarify his prior evidence concerning whether plaintiff possessed the physical capacity to return to his past job as a truck driver. Good cause has been shown to remand this case for further proceedings. *See Riley v. Apfel,* 88 F.Supp.2d 572 (W.D. Va. 2000).

Therefore, the undersigned RECOMMENDS that an Order enter GRANTING plaintiff's motion for summary judgment, REVERSING the Commissioner's final decision, and REMANDING the case to the Commissioner for further proceedings. The order should direct that in the event the Commissioner cannot grant benefits on the current record, he should recommit the case to a Law Judge for supplementary evidentiary proceedings in which each side may introduce additional evidence.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the

parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

September 27, 2007
Date